**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARICRUZ MARISOL ROJAS-ESPINOZA; ROBERT DAVID SALVADOR-GOMEZ; DAVID ANGEL SALVADOR-ROJAS; KORINA SALVADOR-ROJAS, | No. 24-7536 Agency Nos. A246-606-483 A246-606-482 A246-606-484 A246-606-485 |
| *Petitioners*, | |
| v. | ORDER |
| TODD BLANCHE, Acting Attorney General, | |
| *Respondent*. | |

Filed June 9, 2026

Before: Mary H. Murguia, Chief and Judge, Kim McLane Wardlaw, Ronald M. Gould, Johnnie B. Rawlinson, Morgan B. Christen, Michelle T. Friedland, Eric D. Miller, Bridget S. Bade, Kenneth K. Lee, Holly A. Thomas, Eric C. Tung, Circuit Judges.

Order;
Concurrence by Judge Wardlaw;
Dissent by Judge Lee;
Dissent by Judge Tung

# SUMMARY[*]

## Immigration/Stay of Removal

The en banc court issued an order vacating its prior order denying the motion to stay removal and granting Petitioners' opposed motion to stay removal pending disposition of this en banc case.

The court explained that, in light of en banc briefing and oral argument, it is now apparent that Petitioners meet the standard for a stay of removal under *Nken v. Holder*, 556 U.S. 418 (2009).

The order also permits the parties and amici to submit optional supplemental briefing addressing questions related to this court's decision in *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012 (9th Cir. 2023).

Concurring, Judge Wardlaw wrote that, as this court's decision to vacate the prior order denying Petitioners' motion to stay removal makes clear, assessing a petitioner's likelihood of succeeding on the merits is a time-consuming, fact-dependent, and highly variable exercise. Under the process that Judge Tung and the original three-judge panel propose, *see Rojas-Espinoza v. Bondi*, 169 F.4th 967, 969-70 (9th Cir. Mar. 10, 2026) (en banc) (statement of Tung, J.), the court would be asked to evaluate stay motions on the basis of no more than hastily prepared letter briefs and an incomplete record. The court must not allow the adjudication of these motions to become an "idle ceremony"

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

whereby noncitizens with meritorious claims are allowed to be deported to a place where they may face persecution, torture, or death.

Dissenting from the vacatur of the denial of the motion to stay and the grant of the stay, Judge Lee, joined by Judge Bade, would not vacate the court's earlier denial of the motion seeking a stay of removal because Petitioners still have not made a strong showing that they are likely to succeed on the merits.

Dissenting from the vacatur of the denial of the stay motion and the re-granting of the stay, Judge Tung would not re-grant the stay for the reasons provided in his March 10, 2026, statement respecting the en banc court's earlier denial of the stay. *See Rojas-Espinoza v. Bondi*, 169 F.4th 967, 969-70 (9th Cir. Mar. 10, 2026) (en banc) (statement of Tung, J.). This court violated *Nken v. Holder*, 556 U.S. 418 (2009), twice over in a single case—first, when it automatically granted a prolonged stay without examining the merits, and again, when it hastily denied the stay to mask this court's unlawful stay practice (a denial that it now vacates).

---

## COUNSEL

Elizabeth Flores Rodriguez (argued), E-Rod Law Office, San Diego, California; Murray D. Hilts, Law Offices of Murray D. Hilts, San Diego, California; for Petitioners.

Drew C. Ensign (argued), Deputy Assistant Attorney General, Appellate Staff; Matthew A. Spurlock, Trial Attorney; John S. Hogan, Assistant Director; Office of

Immigration Litigation; Brett A. Shumate, Assistant Attorney General; Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

---

## ORDER

In light of en banc briefing and oral argument, it is now apparent that Petitioners meet the standard for a stay of removal under *Nken v. Holder*, 556 U.S. 418 (2009). The Court therefore vacates its prior order denying the motion to stay removal (Dkt. No. 40) and GRANTS Petitioners' opposed motion to stay removal (Dkt. No. 3) pending disposition of this en banc case.

The parties may submit optional supplemental briefing that addresses the following questions:

1. Whether *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012 (9th Cir. 2023), supports the BIA's conclusion that Petitioners failed to establish the nexus element of asylum and withholding in this case.

2. Whether *Rodriguez-Zuniga* should be overruled in whole or in part as having announced an incorrect statement of the law.

3. Whether any argument for overruling *Rodriguez-Zuniga* has been preserved.

Amici are also invited to submit supplemental briefs addressing the second question. These supplemental briefs

may be in the form of letters to the clerk of court, shall be no longer than 15 pages, and shall be submitted simultaneously, within 14 days of the issuance of this order. No motions for extensions of time under Ninth Circuit Rule 31-2.2(b) will be granted absent extraordinary and compelling circumstances.

Judges Bade, Lee, and Tung dissent from the portion of this order granting Petitioners' motion to stay removal (Dkt. No. 3).

---

WARDLAW, J., concurring:

This case lays bare the dangers of denying motions to stay removal before the panel has had the opportunity to conduct an in-depth review of the record. As our decision to vacate our prior order denying Ms. Rojas's motion makes clear, assessing a petitioner's likelihood of succeeding on the merits is a time-consuming, fact-dependent, and highly variable exercise. It became clear only after a full review of the record and briefs, and following oral argument, that Ms. Rojas has raised substantial questions about the merits of the BIA's decision and has met her burden under *Nken v. Holder*, 556 U.S. 418 (2009).

Under the process that Judge Tung and the original three-judge panel propose, *see Rojas-Espinoza v. Bondi*, 169 F.4th 967, 969–70 (9th Cir. Mar. 10, 2026) (en banc) (statement of Tung, J.), the Court would be asked to evaluate stay motions on the basis of no more than hastily prepared letter briefs and an incomplete record. We must not allow the adjudication of these motions to become an "idle ceremony" whereby noncitizens with meritorious claims are allowed to be

6        ROJAS-ESPINOZA V. BLANCHE

deported to a place where they may face persecution, torture, or death. *Scripps-Howard Radio, Inc. v. FCC*, 316 U.S. 4, 10 (1942) ("If the administrative agency has committed errors of law for the correction of which the legislature has provided appropriate resort to the courts, such judicial review would be an idle ceremony if the situation were irreparably changed before the correction could be made.").

---

LEE, Circuit Judge, with whom BADE, Circuit Judge, joins, dissenting from the vacatur of the denial of the motion to stay and the grant of the stay:

I would not vacate our earlier denial of the motion seeking a stay of removal because the petitioners still have not made a "strong showing that [they are] likely to succeed on the merits." *Nken v. Holder*, 556 U.S. 418, 434 (2009).

---

TUNG, Circuit Judge, dissenting from the vacatur of the denial of the stay motion and the re-granting of the stay:

Irregularities continue to plague this immigration matter.

At the start of this case, the Petitioners moved for a stay of removal. The motion was frivolous. It provided no factual basis for why a stay should be granted; and it invoked an outdated statute, which had provided for an automatic stay, that Congress repealed three decades ago. Still, this court, through the Clerk's Office, automatically issued a stay that lasted for about a year. The stay was granted without any involvement by an Article III judge, and was issued without any assessment of the stay factors that the Supreme

Court instructed us to apply under *Nken v. Holder*, 556 U.S. 418, 434 (2009).

Several colleagues and I have pointed out the manifest unlawfulness of such a practice: what were supposed to be temporary "administrative" stays have turned out to be anything but that. Just the opposite, the filing of frivolous stay motions in this circuit has become a gateway for applicants to enter and stay in the United States for prolonged periods of time (often years), notwithstanding their ineligibility for remaining here. *See Rojas-Espinoza v. Bondi*, 160 F.4th 991, 1002 (9th Cir. Nov. 25, 2025), *reh'g en banc granted, opinion vacated*, 167 F.4th 1069 (9th Cir. Feb. 20, 2026); *Rojas-Espinoza v. Bondi*, 167 F.4th 1069, 1070–71 (9th Cir. Feb. 20, 2026) (VanDyke, J., dissenting from the grant of rehearing en banc); *Rojas-Espinoza v. Bondi*, 169 F.4th 967, 969 (9th Cir. Mar. 10, 2026) (en banc) (statement of Tung, J.). A three-judge panel denied the stay. *Rojas-Espinoza*, 160 F.4th at 1002.

Rather than acknowledge the unlawfulness of our automatic-stay practice, which the panel called out, a majority of this court quickly voted to take this case en banc in order to vacate the three-judge panel opinion. *See Rojas-Espinoza v. Bondi*, 167 F.4th 1069 (9th Cir. Feb. 20, 2026). Just as quickly, the newly constituted en banc panel, presumably having looked at the merits, *denied* the stay, as the three-judge panel had. *Rojas-Espinoza v. Bondi*, 169 F.4th 967 (9th Cir. Mar. 10, 2026) (en banc). The en banc panel denied the stay in a terse order with little explanation. But now, apparently changing its mind, the en banc panel has decided to *vacate* its earlier denial and to *re*-grant the stay even when Petitioners have not asked for such relief. The en banc panel issues its decision, again, with only boilerplate reasoning.

This is not a good look. The rule of law should not swivel like a weathervane. The about-face shows that the en banc panel did not actually engage with the merits when it voted quickly to deny the stay, even though the en banc panel had the full merits briefing before it when it issued the denial; and it is (again) confirmation that the en banc panel only denied the stay to sweep the issue of our problematic stay practice under the rug. *See Rojas-Espinoza*, 169 F.4th at 970 (statement of Tung, J.). By its own implicit admission then, this court violated *Nken* twice over in a single case— first, when it automatically granted a prolonged stay without examining the merits, and again, when it hastily denied the stay to mask our unlawful stay practice (a denial that it now vacates).[1] The moral of the story: running away from a problem often leads to another. We should have just admitted our mistake from the start.

The stay should not be re-granted for the reasons provided in my statement respecting the en banc court's earlier denial of the stay. *See Rojas-Espinoza*, 169 F.4th at 969–70 (statement of Tung, J.). Nothing has changed except apparently the en banc panel's "evolving" view of the merits. Respectfully, I dissent.

---

[1] Contrary to Judge Wardlaw's suggestion, the en banc panel's flip-flop—first in denying the stay and then re-granting it—reflects its own lack of care in assessing the merits (and its disregard of *Nken*). It does not justify the court's unlawful practice of automatically granting prolonged stays of removal that can last years.